Amir Nassihi (SBN 235936)
anassihi@shb.com
Andrew L. Chang (SBN 222309)
achang@shb.com
Jason M. Richardson (SBN 250916)
jmrichardson@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: 415.544.1900 | Fax: 415.391.0281

Michael L. Mallow (SBN 188745)
mmallow@shb.com
SHOOK, HARDY & BACON L.L.P.
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Tel: (424) 285-8330 | Fax: (424) 204-9093

Attorneys for Defendant
TESLA MOTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DANIEL AARON HOROWITZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TESLA MOTORS, INC.,<br><br>    Defendant. | Case No. 4:21-cv-09635-HSG<br><br>**TESLA MOTORS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**<br><br>Date:   May 26, 2022<br>Time:   2:00 p.m.<br>Place:   Courtroom 2, 4th Floor<br>Judge:   Haywood S. Gilliam, Jr. |

## <u>TABLE OF CONTENTS</u>

Page No.

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

INTRODUCTION ................................................................................................................................. 1

FACTS ALLEGED ............................................................................................................................... 2

LEGAL STANDARD ........................................................................................................................... 4

ARGUMENT ......................................................................................................................................... 4

I.      Plaintiff fails to allege his contract claims. ............................................................................. 4

      A.      Plaintiff's first cause of action fails to state a claim for breach of contract. ........... 5

      B.      Plaintiff's third cause of action fails to state a claim for breach of the implied covenant of good faith and fair dealing. ........................................................................ 6

II.     Plaintiff fails to allege his statutory consumer protection claims. ..................................... 8

      A.      Plaintiff fails to allege a claim under the CLRA (Claim Four) .............................. 9

      B.      Plaintiff fails to allege a claim under the UCL (Claim Two). ............................. 10

      C.      Plaintiff fails to allege standing to assert his consumer statutory fraud claims. .... 11

III.    Plaintiff fails to plead a basis for equitable relief. ............................................................. 12

CONCLUSION ................................................................................................................................... 14

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Agosta v. Astor*,
  120 Cal.App.4th 596 (2004) ...........................................................................................7

*Alameda County Flood Control v. Department of Water Resources*,
  213 Cal. App. 4th 1163 (2013) ......................................................................................6

*Anderson v. Apple Inc.*,
  No. 3:20-CV-02328-WHO, 2020 WL 6710101 (N.D. Cal. Nov. 16, 2020) ...............12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................4

*Barbizon Sch. of San Francisco, Inc. v. Sentinel Ins. Co. LTD.*,
  No. 3:20-cv-08578-TSH, 2021 WL 5758890 (N.D. Cal. Dec. 3, 2021) ........................5

*Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*,
  2 Cal. 4th 342 (1992) ......................................................................................................6

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
  20 Cal. 4th 163 (1999) ............................................................................................10, 11

*Chabner v. United Omaha Life Ins. Co.*,
  225 F.3d 1042 (9th Cir. 2000) ......................................................................................11

*Clark v. Am. Honda Motor Co.*,
  528 F. Supp. 3d 1108 (C.D. Cal. 2021) .......................................................................13

*Dinan v. SanDisk LLC*,
  Case No. 5:18-cv-05420-BLF, 2020 WL 364277 (N.D. Cal. Jan 22, 2020) .................9

*Dunkel v. eBay Inc.*,
  No. 5:12-CV-01452-EJD, 2013 WL 415584 (N.D. Cal. Jan. 31, 2013) ........................6

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) .......................................................................................8, 9

*Elias v. Hewlett-Packard Co.*,
  903 F. Supp. 2d 843 (N.D. Cal. 2012) .........................................................................11

*Enea v. Mercedes-Benz USA, LLC*,
  No. 4:18-cv-02792-HSG, 2019 WL 402315 (N.D. Cal. Jan. 31, 2019) ......................11

MOTION TO DISMISS COMPLAINT
CASE NO. 4:21-CV-09635-HSG

*Enhanced Athlete Inc. v. Google LLC*,
    No. 4:19-cv-08260-HSG, 2020 WL 4732209 (N.D. Cal. Aug. 14, 2020) ..................................... 7

*Gibson v. Jaguar Land Rover N. Am., LLC*,
    No. 2:20-cv-00769-CJC-GJS, 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) ............................... 13

*Hinojos v. Kohl's Corp.*,
    718 F.3d 1098 (9th Cir. 2013) ..................................................................................... 11

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................................. 4, 8, 11

*Klein v. Chevron U.S.A., Inc.*,
    202 Cal. App. 4th 1342 (2012) .................................................................................... 10

*Kowalsky v. Hewlett-Packard Co.*,
    771 F. Supp. 2d 1156 (N.D. Cal. 2011) ....................................................................... 10

*Mendocino Wine Grp., LLC v. QBE Americas, Inc.*,
    No. 4:15-cv-06342-HSG, 2016 WL 4154853 (N.D. Cal. Aug. 5, 2016) ...................................... 5

*Moreno v. Vi-Jon, LLC.*,
    No. 3:20-cv-01446-JM-BGS, 2021 WL 5771229 (S.D. Cal. Dec. 6, 2021) ................................... 9

*San Diego Ass'n of Realtors, Inc. v. Sandicor, Inc.*,
    No. 3:16-cv-00096-MMA-KSC, 2019 WL 2337052 (S.D. Cal. May 31, 2019) ................... 13, 14

*Schertz v. Ford Motor Co.*,
    No. 2:20-cv-03221-TJH-PVC, 2020 WL 5919731 (C.D. Cal. July 27, 2020) ........................... 13

*Sharma v. Volkswagen AG*,
    524 F. Supp. 3d 891 (N.D. Cal. 2021) ......................................................................... 13

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ................................................................................. 12, 13

*Sponchiado v. Apple Inc.*,
    No. 4:18-cv-07533-HSG, 2019 WL 6117482 (N.D. Cal. Nov. 18, 2019) ............................... 9, 10

*Stockton Mortg., Inc. v. Tope*,
    233 Cal. App. 4th 437 (2014) ...................................................................................... 5

*Tabler v. Panera LLC*,
    No. 5:19-cv-01646-LHK, 2019 WL 5579529 (N.D. Cal. Oct. 29, 2019) ................................... 11

*United Commercial Ins. Serv., Inc. v. Paymaster Corp.*,
    962 F.2d 853 (9th Cir. 1992) ....................................................................................... 5

*United States v. Corinthian Colleges*,
    665 F.3d 984 (9th Cir. 2011) ....................................................................................... 2

*Villanueva v. Am. Honda Motor Co.*,
    No. 2:19-cv-01390-MWF-MAA, 2019 WL 8112467 (C.D. Cal. Oct. 10, 2019).........................14

*Williams v. Gerber Prod. Co.*,
    552 F.3d 934 (9th Cir. 2008) ...........................................................................................8

*Williams v. Tesla, Inc.*,
    No. 20-CV-08208-HSG, 2021 WL 2531177 (N.D. Cal. June 21, 2021)................................8, 13

**Statutes**

Cal. Bus. & Prof. Code § 17200 .....................................................................................11

California Consumer Legal Remedies Act, Cal. Civ. Code § 1760 et seq. ................................. *passim*

California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ........................... *passim*

**Rules**

Federal Rule of Civil Procedure 65(d)...............................................................................14

Federal Rule of Civil Procedure Rule 9(b) .....................................................................1, 4, 8

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on May 26, 2022, at 2:00 p.m., before the Honorable Haywood S. Gilliam, Jr., in Courtroom 2 of the United States District Court for the Northern District of California, Oakland Division, at 1301 Clay Street, Oakland, CA, Defendant Tesla Motors, Inc. will and hereby does move for an order dismissing the Complaint of Daniel Aaron Horowitz pursuant to Federal Rule of Civil Procedure 12(b)(6) in the event Plaintiff refuses to individually arbitrate his claims and the Court finds that Plaintiff is not required to arbitrate her claims.[1]

The motion is based on this notice of motion, the supporting memorandum of points and authorities, the declaration of Andrew L. Chang, the pleadings on file in this case, and such argument as the Court may allow at the time of hearing.

Dated:  January 25, 2022

Respectfully submitted,
SHOOK HARDY & BACON L.L.P.

By: */s/ Andrew L. Chang*
      Amir Nassihi
      Andrew L. Chang

Attorneys for Defendant
TESLA MOTORS, INC.

---

[1] Plaintiff's counsel has not yet responded whether Plaintiff will agree to individually arbitrate his claims pursuant to his agreements and similarly did not respond to Tesla's request to continue the responsive-pleading deadline to resolve that issue at the outset. *See* Decl. of Andrew Chang ¶ 1, Ex. 1. If Plaintiff refuses to arbitrate, Tesla will file a motion to compel arbitration of Plaintiff's claims here and will seek to have that motion heard before this motion to dismiss.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

This motion is short and simple because the contract here is too.  Plaintiff Horowitz claims Tesla is liable because he was promised a vehicle at a specific price with particular features in a five-page purchase order form, but a subsequently-provided purchase order form had a different price and features.  He asserts two contract claims and two statutory consumer fraud claims.[2]

The contract itself destroys Plaintiff's claims.  It plainly states that price, availability, and features may change.  It reserves to Tesla the ability to cancel the agreement or change terms where vehicles, features, or options are unavailable—the exact conduct Plaintiff now sues over.  It permits Plaintiff to change his order, and contemplates a "Final Price Sheet" will be provided later, when the Vehicle Configuration is made final.  On the face of the purchase order, Plaintiff's contract claims (Claims 1 and 3) fail.

His consumer fraud claims (Claims 2 and 4) fail for the same reason; conduct explicitly permitted by the contract is not fraud.  And Plaintiff also does not plead fraud with the requisite particularity as required under Rule 9(b).  He doesn't identify any particular statement as fraud—no who, what, when, where, how—and he does not provide any theory of fraud that would mislead a reasonable consumer.  The mere provision of a purchase order which permits changing price or features later is not a violation of consumer protection statutes, especially where the contract is clear about those rights existing for both Plaintiff and Tesla.

Plaintiff's claims also fail for other reasons: 1) he does not even allege he actually paid an increased price for any vehicle, and so fails to allege injury or damage under his statutory claims; and 2) his equitable relief claims fail to allege that no adequate remedy exists at law.  This matter should be dismissed.

---

[2] This whole matter shouldn't be here, because Plaintiff signed two controlling arbitration agreements (one for his Model X and an earlier one for his Model S).  Tesla plans to move to compel arbitration if Plaintiff does not agree to arbitrate, but Plaintiff has not yet responded to Defendant's requests to arbitrate (or to extend this time to respond until they do).  In the interests of judicial economy, the Court should first resolve the motion to compel individual arbitration which, if granted, would moot this Motion.

**FACTS ALLEGED**

When Plaintiff ordered his vehicle in 2020, he expressly agreed to his Motor Vehicle Order Agreement (Compl. ¶ 22, Ex. A; Chang Decl., Ex. 2[3]) that, among other things, made clear that the chosen vehicle configuration and pricing was not final and was subject to availability and change. The very first substantive paragraph of the very first page states as much:

> **Agreement to Purchase**. You agree to purchase the vehicle (the "Vehicle") described in your Vehicle Configuration from Tesla, Inc. or its affiliates ("we," "us" or "our"), pursuant to the terms and conditions of this Agreement.  Your Vehicle is priced and configured based on features and options available at the time of order and you can confirm availability with a Tesla representative.  ***Options, features or hardware released or changed after you place your order may not be included in or available for your Vehicle***. …

Chang Decl., Ex. 2 at 2 (emphasis added).  Throughout the agreement, it is clear that the Vehicle Configuration is not final and may be changed by either Tesla or Plaintiff, and the final price would be provided later reflecting the final Vehicle Configuration:

> 2. **Final Price Sheet**: The Final Price Sheet will be provided to you as your delivery date nears.  It will include final pricing based on your final Vehicle Configuration and will include taxes and official or government fees.
>
> ….
>
> **Order Process; Cancellation; Changes**.  … Any changes made by you to your Vehicle Configuration, including changes to the delivery location or estimated delivery date, will be reflected in a subsequent Vehicle Configuration that will form part of this Agreement. …

*Id.*  Tesla may also cancel an order if a product, feature, or option is discontinued after the order— exactly like here:

---

[3] Both of Plaintiff's exhibits to the complaint are largely illegible with many letters missing or having been removed from nearly every sentence. See Compl. Exs. A and B. Tesla attaches a complete copy of the relevant Terms & Conditions applicable to Plaintiff's order as Exhibit 2 to the Declaration of Andrew L. Chang. *United States v. Corinthian Colleges*, 665 F.3d 984, 999 (9th Cir. 2011) (courts may consider "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document.").

MOTION TO DISMISS COMPLAINT
CASE NO. 4:21-CV-09635-HSG

**No Resellers; Discontinuation; Cancellation**.  …We [Tesla] may also cancel your order and refund your Order Fee and Transportation Fee if we discontinue a product, feature or option after the time you place your order….

*Id.* at 4.

Plaintiff's allegations establish Tesla doing nothing more than what is explicitly permitted by the agreement terms.  He claims he "entered into a binding contract with" Tesla on October 7, 2020. *Id.* ¶ 22, Ex. A.  Then, Tesla purportedly changed the vehicle, options, and pricing; sending a new Motor Vehicle Order Agreement ("MVOA") on May 24, 2021 that did not match the October 7, 2020 MVOA.  Compl. ¶ 33.  Tesla gave the option to purchase the offered vehicle or cancel the offer.  *Id.* at 18.  The specific alleged differences were:

1) Change from a Model X Long Range Plus to a "lesser" Model X Long Range, *id.* ¶ 33a;

2) Price increase of $10,000 for the vehicle, *id.* ¶ 33b;

3) Price increase of $2,000 for self-driving capability, *id.* ¶ 33f;

4) Change from 20" Silver Wheels to 20" Cyberstream Wheels, *id.* ¶ 33c;

5) Interior of all black "ebony" instead of all black "figured ash," *id.* ¶ 33d; and

6) Addition of a yoke steering wheel, *id.* ¶ 33e.[4]

Plaintiff does not claim any of the old features or pricing remains available to others, but not him, or that Tesla did not in fact discontinue his prior configuration.  Instead, he simply claims this is a breach of contract because "Tesla unliterally [*sic*] changed their configurations and increased the purchase price after the execution of the contract."  Comp. ¶ 21.  The MVOA contains no express promises, representations, or clauses that the price or configurations would be final.  *See* Compl. Ex. A; Chang Decl. Ex. 2.

Plaintiff also does not identify any representations from Tesla that he allegedly saw or relied on apart from the MVOA generally.  Nor does he allege that he in fact paid the difference in price from what he identifies as Exhibits A and B.

---

[4] The Complaint also notes the "Order Fee" of $100 did not appear on the May 14, 2021 MVOA, but does not complain about this.

MOTION TO DISMISS COMPLAINT
CASE NO. 4:21-CV-09635-HSG

1    Plaintiff's Complaint contains two claims sounding in contract: Claim 1 for breach of

2    contract and Claim 3 for breach of the implied covenant of good faith and fair dealing.   He also

3    asserts two statutory consumer protection claims:   Claim 2 for violation of the California Unfair

4    Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., and Claim 4 for violation of the

5    California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1760 et seq.  *See* Compl. ¶¶

6    56-63, 64-78, 79-84, 85-103.  Plaintiffs' allegations do not articulate any valid cause of action.

7                                         **LEGAL STANDARD**

8    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

9    as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

10   (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A pleading that offers

11   'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

12   *Id.* (quoting *Twombly*, 550 U.S. at 555).   "Nor does a complaint suffice if it tenders 'naked

13   assertion[s]' devoid of "further factual enhancement."   *Id.* (quoting *Twombly*, 550 U.S. at 557).

14   Whether a complaint is plausible is a context-specific task that "requires the reviewing court to draw

15   on its judicial experience and common sense." *Id.* at 679.

16   Rule 9(b) imposes heightened pleading requirements for claims sounding in fraud, requiring

17   the complaint identify the  "who, what, when, where, and how" of the alleged misconduct.  *Kearns*

18   *v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).  This requirement also extends to fraud-by-

19   omission claims.  *Id.* at 1126-27.[5]

20                                            **ARGUMENT**

21   **I.       Plaintiff fails to allege his contract claims.**

22   Both contract-related claims—for Breach of Contract, Claim 1, and Breach of the Covenant

23   of Good Faith and Fair Dealing, Claim 3—fail to establish any breach because the conduct Plaintiff

24   complains about is explicitly permitted by the contract.

25

26

27   [5] Notably, the 2009 *Kearns* decision abrogated prior Ninth Circuit law that had applied a more lax
     pleading standard.  *Id.*

28

**A.      Plaintiff's first cause of action fails to state a claim for breach of contract.**

A breach of contract claim requires the existence of a contract, the claimant's performance or excused nonperformance, the defendant's breach, and resulting damages.  *Stockton Mortg., Inc. v. Tope*, 233 Cal. App. 4th 437, 453 (2014).  The interpretation of a contract is a question of law. *United Commercial Ins. Serv., Inc. v. Paymaster Corp*., 962 F.2d 853, 856 (9th Cir. 1992).[6]  "If contractual language is clear and explicit, it governs." *Mendocino Wine Grp., LLC v. QBE Americas, Inc.*, No. 4:15-cv-06342-HSG, 2016 WL 4154853, at *3 (N.D. Cal. Aug. 5, 2016) (citing *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992)).  "Courts should not strain to create an ambiguity where none exists…or indulge in tortured constructions to divine some theoretical ambiguity."  *Barbizon Sch. of San Francisco, Inc. v. Sentinel Ins. Co. LTD*., No. 3:20-cv-08578-TSH, 2021 WL 5758890, at *6 (N.D. Cal. Dec. 3, 2021).

Here, Plaintiff's purported breach is for price changes in light of different features and availability—conduct that is unambiguously permitted by the contractual language of the MVOA. Plaintiff claims "Defendant breached its contract with Plaintiff and the Nationwide Class by increasing the price of the vehicles in violation of the contract." Compl. ¶ 61.  Plaintiff points to nothing in the contract which establishes a fixed, not-to-be-changed price.

The plain language of the contract actually says the opposite.  It expressly specified that the price and configuration are yet to be finalized:  "Final Price Sheet: The Final Price Sheet will be provided to you as your delivery date nears. It will include final pricing based on your final Vehicle." Chang Decl., Ex. 2 at 2.  The agreement explained that "[o]ptions, features or hardware released or changed after you place your order may not be included in or available for your Vehicle." *Id*.  Either Tesla or Plaintiff could change the Vehicle Configuration, affecting the final agreement. *Id.* at 2, 4 (**Order Process; Cancellation; Changes**.  … Any changes made by you to your Vehicle Configuration, including changes to the delivery location or estimated delivery date, will be reflected

---

[6] The MVOA is controlled by California law here.  (It provides that its terms "are governed by, and to be interpreted according to, the laws of the State in which we are licensed to sell motor vehicles that is nearest to your address indicated on your Vehicle Configuration." *See* Chang Decl., Ex. 2. That is California. *See* Compl. ¶ 2).

MOTION TO DISMISS COMPLAINT
CASE NO. 4:21-CV-09635-HSG

in a subsequent Vehicle Configuration that will form part of this Agreement. … **No Resellers; Discontinuation; Cancellation**.  …We [Tesla] may also cancel your order and refund your Order Fee and Transportation Fee if we discontinue a product, feature or option after the time you place your order….").

Not only did the parties' agreement *not* include any promise of a specifically configured vehicle at a finalized price, but it expressly advised Plaintiff that the order may be subject to changes or cancelation before being finalized.  Here, Tesla did exactly what it was permitted to do in the contract: cancel the order where a product, feature, or option is discontinued (while graciously offering a different, comparable model).  *Compare* Compl. ¶ 18 *with* Chang Decl. Ex. 2 at 4 (Tesla "may also cancel your order . . . if we discontinue a product, feature or option").  Plaintiff's claim therefore fails as a matter of law.

**B.**    **Plaintiff's third cause of action fails to state a claim for breach of the implied covenant of good faith and fair dealing.**

Plaintiff's claim for breach of implied covenant of good faith and fair dealing, Compl. ¶¶ 79-84, fails for the same reason; conduct permitted by the contract does not breach the covenant of good faith and fair dealing.

California law implies a covenant of good faith and fair dealing in every contract.  *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc*., 2 Cal. 4th 342, 371 (1992).  This covenant "requires each contracting party to refrain from doing anything to injure the right of the other to receive the agreement's benefits."  *Alameda County Flood Control v. Department of Water Resources*, 213 Cal. App. 4th 1163, 1203 (2013).  Importantly, "the contours of any party's duty under the covenant, as well as any conduct prohibited by the covenant, are determined by the purposes and terms of the contract at issue."  *Dunkel v. eBay Inc*., No. 5:12-CV-01452-EJD, 2013 WL 415584, at *9 (N.D. Cal. Jan. 31, 2013).  "[I]t is universally recognized [that] the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract."  *Carma Developers*, 2 Cal. 4th at 373.  The implied covenant "cannot impose

substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Agosta v. Astor*, 120 Cal.App.4th 596, 607 (2004).

Under these well-established principles of construction, Plaintiff cannot state a claim for breach of the implied covenant based on conduct contemplated and provided for under the express terms of the agreement itself. Plaintiff seeks to rest this claim on allegations that Tesla "alter[ed] the price of already ordered and contractually agreed upon vehicles." *See* Compl. ¶ 83. That's not strictly correct under the Complaint, though. The Complaint explains that Tesla actually gave two options: cancel the order (which was within Tesla's rights under the contract) or take the altered price/options. Compl. ¶ 18. The Complaint does not allege that the product, feature or option were in fact available or not discontinued.

As articulated in the discussion of Claim 1, the terms of the agreement contain no promise of any final price or finalized vehicle features. To the contrary, they provide: "Final Price Sheet: The Final Price Sheet will be provided to you as your delivery date nears. It will include final pricing based on your final Vehicle." Chang Decl., Ex. 2. The agreement continues to explain that "[o]ptions, features or hardware released or changed after you place your order may not be included in or available for your Vehicle." *Id.* And Tesla could simply cancel the contract wherever it is affected by a discontinued product, feature, or option. *Id.* at 4 (Tesla "may also cancel your order and refund your Order Fee and Transportation Fee if we discontinue a product, feature or option after the time you place your order…"). Plaintiff cannot plead a claim for breach of the implied covenant in light of these provisions which expressly contemplate that both the final price and vehicle features are subject to change. "[I]f defendants were given the right to do what they did by the express provisions of the contract there can be no breach." *Enhanced Athlete Inc. v. Google LLC*, No. 4:19-cv-08260-HSG, 2020 WL 4732209 (N.D. Cal. Aug. 14, 2020) (citing *Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 100 Cal. App. 4th 44, 56 (2002).

Plaintiff attempts to evade this by insinuating that Tesla committed some amorphous fraud, using "pretense and deception to alter the price of already ordered and contractually agreed upon vehicles." Compl. ¶ 83. But this does not meet the heightened pleading requirements for claims

MOTION TO DISMISS COMPLAINT
CASE NO. 4:21-CV-09635-HSG

sounding in fraud.  *See* Fed. R. Civ. Pro. 9(b); *Kearns*, 567 F.3d at 1126.  Plaintiff conspicuously does not say what the "pretense and deception" actually was.  There is certainly no "who, what, when, where, how" of this supposed fraud.  These claims are therefore insufficiently pled and cannot be relied upon for Plaintiff's Third Claim.

## II.     Plaintiff fails to allege his statutory consumer protection claims.

Plaintiff does not state any alleged fraud with adequate particularity under Rule 9(b).  As noted above, claims sounding in fraud must be alleged under Rule 9(b)'s heightened pleading standard.  *Kearns*, 567 F.3d at 1125.  Rule 9(b)'s particularity standard "applies to claims which are made in federal court under the CLRA and UCL." *Id*. at 1127; *Williams v. Tesla, Inc.,* No. 20-CV-08208-HSG, 2021 WL 2531177, at *2 (N.D. Cal. June 21, 2021).

Plaintiff's CLRA and UCL claims sound in fraud, as allegations throughout his Complaint confirm.  *See* Compl. ¶¶ 15, 48, 72-74, 96, 102.  Plaintiff alleges that Tesla changed the price of his vehicle between his initial order and subsequent MVOA "unilaterally and fraudulently," adding that "the factual bases of Defendant's misconduct are common to all potential Class Members and represent a common thread of fraudulent, deliberate, and negligent misconduct resulting in injury to all potential Class Members, including Plaintiff," and further that Tesla sought "to fraudulently deceive consumers." *Id*. ¶¶ 15, 48, 96.

But Plaintiff does not identify the purported fraud with the particularity required under Rule 9(b)—the who, what, when, where, how.  The particular claims that Plaintiff says are fraudulent are conspicuously missing from the Complaint.  That alone requires dismissal here.

Plaintiff must also meet more than just the particularity requirement.  The heightened pleading standard – including under the CLRA and UCL – requires allegations that a reasonable consumer is likely to be deceived.  *Williams v. Gerber Prod. Co*., 552 F.3d 934, 938 (9th Cir. 2008).  To make such a showing, a claimant must go beyond showing that he was deceived; he must also show that members of the public are likely to be deceived.  *Ebner v. Fresh, Inc*., 838 F.3d 958, 965 (9th Cir. 2016).  "This requires more than a mere possibility" that a representation or omission "might conceivably be misunderstood by some few consumers viewing it in an unreasonable

1   manner."  *Id.* (citing *Lavie v. Procter & Gamble Co*., 105 Cal. App. 4th 496 (2003)).  Rather, the

2   plaintiff must plead "that a significant portion of the general consuming public or of targeted

3   consumers, acting reasonably in the circumstances, could be misled." *Id.*

4          Plaintiff attempts to allege that both he and members of the public are likely to be deceived

5   by the document he attempts to identify as Exhibit A to his Complaint, asserting that "the total price

6   of the vehicle," as reflected in a subsequent agreement contained "a higher price and possible

7   changes to [his] selected configurations."  Compl. ¶¶ 25, 36, Exs. A and B.  But as the text of the

8   representation Plaintiff attempts to identify provides, both the final price and the configurations were

9   yet to be determined.  Put another way, an objectively reasonable person who actually reads the

10   terms of the agreement, which allows for changes in price and vehicle configuration, could not be

11   deceived or misled into believing that such changes could not be made.

12   **A.      Plaintiff fails to allege a claim under the CLRA (Claim Four).**

13          Although likelihood of consumer deception is often a question of fact, "[q]ualifying language

14   in the challenged advertising making the meaning of the alleged misrepresentation clear ha[s] led

15   district courts within the Ninth Circuit to grant motions to dismiss."  *Moreno v. Vi-Jon, LLC*., No.

16   3:20-cv-01446-JM-BGS, 2021 WL 5771229, at *6 (S.D. Cal. Dec. 6, 2021) (collecting cases.)

17   Courts have repeatedly rejected attempts to plead statutory consumer fraud claims where language

18   plainly disclaiming the alleged inference is provided.  *See Dinan v. SanDisk LLC*, Case No. 5:18-cv-

19   05420-BLF, 2020 WL 364277, at *7-8 (N.D. Cal. Jan 22, 2020) (holding a reasonable consumer

20   could not be deceived regarding the number of gigabytes in the product, given the disclosure sought

21   to clarify the use of the term); *Sponchiado v. Apple Inc.*, No. 4:18-cv-07533-HSG, 2019 WL

22   6117482, at *4 (N.D. Cal. Nov. 18, 2019) ("a reasonable consumer could not be deceived by the

23   iPhone Products' screen size representation, given the qualifying language expressly notifying the

24   consumer that the actual screen area is less than indicated.").

25          That is the case here.  Plaintiff seeks to allege he was promised in a purchase order a vehicle

26   with "a specific configuration and price."  Compl. ¶ 39.  Yet the third paragraph of that very

27   document states clearly that "the Final Price Sheet will be provided to you as your delivery date

28

nears. It will include final pricing based on your final Vehicle." Chang Decl., Ex. 2. As noted above, the agreement continues to explain that "[o]ptions, features or hardware released or changed after you place your order may not be included in or available for your Vehicle." *Id*. Plaintiff was permitted to change his Vehicle Configuration freely. *Id.* at 2 ("**Order Process; Cancellation; Changes**. … Any changes made by you to your Vehicle Configuration, including changes to the delivery location or estimated delivery date, will be reflected in a subsequent Vehicle Configuration that will form part of this Agreement.") And Tesla could cancel the order if the product, features, or options were discontinued—as happened here. *Id.* at 4 ("**No Resellers; Discontinuation; Cancellation**. …We [Tesla] may also cancel your order and refund your Order Fee and Transportation Fee if we discontinue a product, feature or option after the time you place your order"). A reasonable consumer could not be deceived into believing that the price and configuration was final where – as here – the same document plainly explains they are not.

### B.  Plaintiff fails to allege a claim under the UCL (Claim Two).

Plaintiff's attempted claim under the California Unfair Competition Law fails for the same reasons. The UCL "defines 'unfair competition' to include 'any unlawful, unfair or fraudulent business act or practice.'" *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co*., 20 Cal. 4th 163, 180 (1999) (quoting Cal. Bus. & Prof. Code § 17200). Plaintiff attempts and fails to plead a claim for each of these categories of proscribed conduct. *See* Compl. ¶¶ 64-78.

First, Plaintiff's attempt to plead a claim under the "fraudulent" prong fails for the reasons discussed above in connection with the CLRA. Courts apply the same standard to claims for fraudulent conduct under the UCL and CLRA. *Klein v. Chevron U.S.A., Inc*., 202 Cal. App. 4th 1342, 1382 (2012); *see also Kowalsky v. Hewlett-Packard Co*., 771 F. Supp. 2d 1156, 1162-63 (N.D. Cal. 2011) (collecting cases and noting these standards are analyzed together). As described above, Plaintiff fails to plead that a reasonable consumer would be deceived by a purchase order agreement that expressly provided for the conduct alleged. *See supra*, II. A.

Plaintiff's attempt to allege a UCL claim under the "unfair" prong is similarly unavailing. *See* Compl. ¶¶ 66-71. "[A] business practice is unfair within the meaning of the UCL if it violates

MOTION TO DISMISS COMPLAINT
CASE NO. 4:21-CV-09635-HSG

established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *Elias v. Hewlett-Packard Co*., 903 F. Supp. 2d 843, 858 (N.D. Cal. 2012). Where the unfair practice claim sounds in fraud, however, it is also subject to the particularity requirement and will fail for the same reasons as a defectively pleaded fraud claim. *Enea v. Mercedes-Benz USA, LLC,* No. 4:18-cv-02792-HSG, 2019 WL 402315, at *7 (N.D. Cal. Jan. 31, 2019); *see also Kearns*, 567 F.3d at 1127 (affirming dismissal of unfair prong allegations resting on allegations of "a unified fraudulent course of conduct" grounded in fraud). Here, Plaintiff cannot rest his attempted claim for "unfair" business practices on allegations that "Tesla falsely represented the configuration and price of the vehicles" for the same reasons articulated above. *See supra*, II. A.

The UCL also prohibits "unlawful" conduct. "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Comm.*, 20 Cal. 4th at 180 (internal citations omitted); *Chabner v. United Omaha Life Ins. Co*., 225 F.3d 1042, 1048 (9th Cir. 2000). Here, to the extent Plaintiff's UCL claim attempts to "borrow" from allegations that "Tesla deceived Plaintiff" by "representing particular vehicles for sale at a particular price" it also fails for the reasons discussed in detail above. *See* Compl. ¶ 75; *supra*, II. A.

### C.    Plaintiff fails to allege standing to assert his consumer statutory fraud claims.

Even if Plaintiff's UCL and CLRA claims were otherwise validly alleged, his allegations would not provide a basis for these statutory consumer fraud claims. To establish standing under the CLRA and UCL, a plaintiff must allege that he suffered an "injury in fact" and "has lost money or property as a result of a defendant's alleged conduct." *Tabler v. Panera LLC*, No. 5:19-cv-01646-LHK, 2019 WL 5579529, at *9 (N.D. Cal. Oct. 29, 2019) (*citing* Cal. Bus. & Prof. Code § 17204; Cal. Civ. Code § 1780(a)). This "lost money or property" prerequisite "requires a plaintiff to demonstrate some form of economic injury as a result of his transactions with the defendant." *Hinojos v. Kohl's Corp*., 718 F.3d 1098, 1104 (9th Cir. 2013) (internal citation omitted).

Plaintiff alleges that "[t]he total price now demanded by Tesla was $109,190.00, an increase of $11,900.00 for a vehicle with lesser range and capability and a few changes in color." Compl. ¶

11

34.  Yet, he conspicuously refrains from alleging that he actually paid this price difference.  To the contrary, allegations throughout the complaint appear to suggest that he has not in fact expended the difference between the prices identified in the first and second purchase orders.  *See, e.g.*, Compl. ¶ 62 (alleging Plaintiff "will be forced to pay for the price increase."); *id.* ¶ 65 (asserting "that Tesla's conduct caused *or was likely to cause* substantial injury to Plaintiff") (emphasis added.); *id.* ¶ 97 (alleging that Plaintiff and potential California Subclass Members "have been harmed and suffered actual damages in that orders for class vehicles have been altered and prices increased.").[7]

None of these nebulous allegations actually states that Plaintiff has expended money or property as a result of any purported fraudulent conduct.  Nor can Plaintiff meet the statutory standing requirement on the basis of the $100 reservation payment he originally placed before obtaining any price information.  *See* Compl. ¶¶ 13, 27.  This reservation payment, which Plaintiff characterizes as an "order fee" was not in any way alleged to have been caused by the purportedly deceptive conduct Plaintiff seeks to identify.  To the contrary, Plaintiff's Complaint notes it was paid as of the date Plaintiff received the first purchase order agreement in which the allegedly deceptive representations were purportedly contained.  *See id.* ¶ 27.  Plaintiff has not pled the loss of money or property required to assert either of his two consumer statutory fraud claims, so those claims fail.

### III.     Plaintiff fails to plead a basis for equitable relief.

Plaintiff's equitable relief allegations must also be dismissed because he has not alleged he lacks an adequate remedy at law.  As the Ninth Circuit recently held in *Sonner*, any claim for equitable relief requires a plaintiff to plead facts that, if proven, would show legal remedies would be inadequate.  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841-44 (9th Cir. 2020).  Any state rule to the contrary does not apply in federal court.  *Id.* at 841–44.

"Under *Sonner*, [ ] plaintiffs are required, at a minimum, to plead that they lack an adequate remedy at law."  *Anderson v. Apple Inc.*, No. 3:20-CV-02328-WHO, 2020 WL 6710101, at *7 (N.D. Cal. Nov. 16, 2020).  District courts have therefore consistently dismissed equitable claims where

---

[7] This is a relevant inquiry for this case because evidence indicates that Plaintiff Horowitz actually was offered certain discounts from the price.  Thus, what Horowitz claims he actually lost is of particular concern here.  (Thus far, he has not alleged actual loss.)

claimants do not plead they lack such an adequate legal remedy. *Williams*, 2021 WL 2531177, at \*7 (dismissing where "Plaintiff has not pointed to any allegation claiming that remedies at law are inadequate"); *Gibson v. Jaguar Land Rover N. Am., LLC*, No. 2:20-cv-00769-CJC-GJS, 2020 WL 5492990, at \*3 (C.D. Cal. Sept. 9, 2020) (dismissing UCL claims for an injunction and restitution because *Sonner* "very recently made clear" that the requirement that plaintiff establish an inadequate remedy at law "applies to claims for equitable relief under both the UCL and CLRA") *Schertz v. Ford Motor Co.*, No. 2:20-cv-03221-TJH-PVC, 2020 WL 5919731, at \*2 (C.D. Cal. July 27, 2020) (dismissing claims for an injunction and restitution under the UCL because plaintiff failed to allege the lack of an adequate legal remedy as required under Sonner).

Plaintiff claims to have suffered "actual damages" in the form of the increased price quoted to him for the vehicle in question resulting from what he claims to be Tesla's deceptive practices. He seeks to allege harm on the basis that "orders for class vehicles have been altered and prices increased." Compl. ¶¶ 68, 97. Such allegations fall squarely within *Sonner*'s holding. Dismissing UCL and CLRA equitable relief claims under *Sonner*, one court recently explained that monetary damages "[a]s a result of their reliance on partial representations and/or omissions by Defendants" are "exactly the type of injury for which legal remedies are appropriate." *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 908 (N.D. Cal. 2021). The same is true here. Even if Plaintiff could plead harm in the form of increased payment for a vehicle – or by paying a $100 "order fee" – such harm is plainly susceptible to monetary damages, and is so not susceptible to equitable relief.

Plaintiff's request for specific performance, Compl. ¶ 63, does not salvage the equitable relief allegations because the entire request can be remedied through monetary damages. *See Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1121 (C.D. Cal. 2021) ("nothing suggests that damages will not be adequate for future purchasers simply because they have not purchased their vehicles yet. Once those future purchasers purchase their vehicles, damages will be as adequate a remedy for them as it will be for currently-existing purchasers."). Under California law "specific performance is an extraordinary remedy." *San Diego Ass'n of Realtors, Inc. v. Sandicor, Inc.*, No. 3:16-cv-00096-MMA-KSC, 2019 WL 2337052, at \*7 (S.D. Cal. May 31, 2019), report and recommendation

adopted, No. 3:16-cv-00096-MMA-KSC, 2019 WL 2580034 (S.D. Cal. June 24, 2019). Accordingly, "the exclusive jurisdiction of equity to grant relief by way of specific performance of a contract will be exercised only in those cases where the legal remedy of compensatory damages is insufficient under the circumstances of the case." *Id.* (citing *Morrison v. Land*, 169 Cal. 580, 586 (1915)).

Plaintiff's inclusion of allegations that he really wanted a Model X Long Range Plus cannot justify specific performance. Despite Plaintiff's allegations that Tesla "lacks any real competition and that its customers lack any alternatives," there are in fact other vehicles Plaintiff could purchase with monetary damages received. *See* Compl. ¶ 19. Plaintiff provides no factual allegations to suggest he would be unable to use damages to purchase an equivalent vehicle—including a Tesla.

Even if Plaintiff had alleged both a valid basis for his equitable relief claims and facts to suggest that damages would be inadequate, his attempt to seek equitable remedies would fail because it is far from clear what equitable remedies he seeks, which is necessary for Tesla and the Court to determine whether such relief is available or appropriate. *See generally* Fed. R. Civ. P. 65(d) (stating that every order granting an injunction "must (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."); *see also Villanueva v. Am. Honda Motor Co.*, No. 2:19-cv-01390-MWF-MAA, 2019 WL 8112467, at *13 (C.D. Cal. Oct. 10, 2019) (dismissing injunctive relief at pleading stage, noting it is unclear if plaintiffs had standing where they "do not even clarify what injunctive relief they are seeking….").

Plaintiff's complaint includes a Prayer for injunctive relief that is plainly inappropriate—seeking a temporary restraining order "enjoining Tesla from continuing to sell Class Vehicles containing the battery system defect to its California Tesla dealerships." *See* Compl. at 19 (Prayer) ¶ 2. The Complaint does not mention anything about a battery system defect, and this relief appears copied and pasted from unrelated matters. It must be dismissed too.

## CONCLUSION

For the foregoing reasons this Court should dismiss Plaintiff's Complaint.

1    Dated:  January 25, 2022                    Respectfully submitted,

2                                               SHOOK, HARDY & BACON L.L.P.

3

4                                               By:   _/s/ Andrew L. Chang_____
                                                      Amir Nassihi
5                                                     Andrew L. Chang

6                                                     Attorneys for Defendant
                                                      TESLA MOTORS, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS COMPLAINT
                                                      CASE NO. 4:21-CV-09635-HSG